912 P.2d 679

**Roger Kim FAIRCHILD, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 21294.**

Court of Appeals of Idaho.

Feb. 13, 1996.

Petition for Review Denied March 25, 1996.

Lynn, Scott, Hackney & Jackson, Boise, for appellant. John C. Lynn argued.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

PERRY, Judge.

In this case we are asked to review the summary dismissal of an application for post-conviction relief. After reviewing the record and applicable law, we affirm.

## I.

### FACTS AND PROCEDURE

Based on information from confidential informants and an ongoing drug investigation, a Ketchum police officer obtained a search warrant for a mobile home and two vehicles which belonged to Roger Kim Fairchild. As a result of the search, Fairchild was charged with possession of cocaine with intent to deliver and possession of marijuana in excess of three ounces. I.C. §§ 37–2732(a)(1)(A), – 2732(e). In response to defense counsel's request for an independent drug test, the prosecutor inadvertently delivered the wrong bindle of cocaine to Fairchild's expert witness. When this was revealed during the first trial on these charges, the trial court declared a mistrial upon Fairchild's motion. Fairchild then sought dismissal of the case on double jeopardy grounds. The trial court denied Fairchild's motion to dismiss and scheduled a new trial date. The jury at his second trial found Fairchild guilty of both charges. Fairchild appealed to this Court on several issues. This Court affirmed the judgments of conviction and sentences imposed. *State v. Fairchild,* 121 Idaho 960, 829 P.2d 550 (Ct.App.1992).

Fairchild filed a post-conviction relief application in March 1993 in which he alleged thirteen errors by his counsel and the trial court. The state filed a motion for dismissal of the application or, in the alternative, for summary judgment. Fairchild filed a partial motion for summary judgment, requesting relief on three claims in his post-conviction application. The district court heard oral argument on the motions and summarily dismissed the application pursuant to Idaho Code Section 19–4906(c). Fairchild now appeals, and we affirm.

## II.

### ANALYSIS

An application for post-conviction relief initiates a proceeding which is civil in

nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Summary dismissal of an application pursuant to Idaho Code Section 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the petition. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

■ Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence

because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Hays v. State,* 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct.App.1987); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

■ On review of a dismissal of a post-conviction application without an evidentiary hearing, we will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court will liberally construe the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

Fairchild raised thirteen grounds for relief in his post-conviction application. The district court summarily dismissed the application in its entirety. On appeal, Fairchild raises the following issues: (1) whether the trial court erred in failing to conduct an in-camera hearing regarding the informants and in failing to order full identification of the police officer involved in the surveillance of the confidential informant; (2) whether Fairchild's counsel was ineffective in failing to request an in-camera interview of the confidential informants and in failing to appeal the denial of trial counsel's request to examine the police officers; (3) whether Fairchild's counsel erred by failing to properly argue the double jeopardy claim during the trial and the direct appeal; (4) whether the district court erred in granting summary dismissal of the application in light of a genuine issue of fact regarding the violation of Fairchild's Miranda rights; and (5) whether the district court erred in granting summary judgment without permitting pretrial discovery.

■ Fairchild claims that the trial court erred by not ordering disclosure of the identities of the confidential informants and in not conducting an in-camera interview.[1] The

---

1. Fairchild claims error by the trial court and counsel in their treatment of the confidential

informants. However, all of Fairchild's specific allegations in his pleadings and affidavits refer

government's privilege to withhold from disclosure the identity of confidential informers, which was first recognized in *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), is embodied in I.R.E. 509 and I.C.R. 16. As this Court stated in Fairchild's direct appeal, the extent of the I.R.E. 509 privilege is left to the discretion of the trial court. *Fairchild*, 121 Idaho at 965, 829 P.2d at 555. Idaho Rule of Evidence 509(c)(3) provides that in a criminal trial where the state invokes the privilege, if it appears "that an informer may be able to give testimony relevant to any issue in a criminal case ... the court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer, can, in fact, supply that testimony."

The state did not call confidential informant # 539 at any time during the proceedings. The only matter to which the confidential informant's testimony may have been relevant was the validity of the search warrant. During Fairchild's direct appeal, this Court specifically addressed the validity of the search warrant and the trial court's refusal to order disclosure of the identity of both confidential informants and found no error. Further, we held:

> The delivery of the cocaine to the informant, who was searched before and after going into the trailer, was uncontroverted, and the communications between Fairchild and the informant were recorded and monitored by the officer. On this information which was supplied by the officer to the magistrate in support of the search warrant, *the reliability of the informant was established.*

*Fairchild*, 121 Idaho at 965–66, 829 P.2d at 555–56 (emphasis added).

▮▮▮▮ Fairchild challenged the validity of the search warrant and the nondisclosure of the informant's identity on his direct appeal. To the extent that Fairchild raises a new argument specifically regarding the lack of an in-camera hearing, we find that it is so related to issues addressed on direct appeal that it was, or should have been, settled

during that appeal. Therefore, we will not now address it. An application for post-conviction relief does not require the courts to consider again issues which were raised and decided on direct appeal. *Brandt v. State*, 118 Idaho 350, 352, 796 P.2d 1023, 1025 (1990). Neither are we required to examine new arguments in post-conviction proceedings which address the same issues raised and decided on appeal. *Id.*

▮▮▮▮ Similarly, Fairchild argues that the trial court erred in failing to require an in-camera examination of certain police officers involved in a surveillance of confidential informant # 539. This issue was specifically raised by Fairchild in his appellate brief in his direct appeal. To the extent that he was unsatisfied with the disposition of this issue through the direct appeal, Fairchild had the opportunity to petition to the Idaho Supreme Court for review of this issue. Fairchild petitioned for review on several other issues, but did not address the in-camera examination. Fairchild waived his argument in this regard. The district court did not err in summarily dismissing Fairchild's application on this issue, as it was raised during the direct appeal.

▮▮▮▮ Fairchild further contends that his counsel was deficient in failing to request an in-camera interview of the confidential informant. To prevail on a claim of ineffective assistance of counsel, the applicant must show that counsel's representation was deficient and that the deficiency was prejudicial. *State v. Roles*, 122 Idaho 138, 144, 832 P.2d 311, 317 (Ct.App.1992), *citing Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App. 1990). In order to prove counsel was deficient, an applicant must show that the attorney's conduct fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). There is a strong presumption that trial counsel's performance falls within the wide range of professional assistance.

only to informant # 539. Therefore, we find that to the extent his arguments may also encompass informant # 537, they are of no consequence and

we will address his arguments solely with regard to informant # 539.

*Id.* In order for the applicant to satisfy the second prong of the *Strickland* test, he or she must establish that there is a reasonable probability that the outcome of the trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177. An applicant must show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Ivey v. State,* 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). Therefore we must determine whether Fairchild alleged facts in his post-conviction relief application which, if proven true, illustrated that counsel was deficient and that this deficiency prejudiced the defense.

■ Fairchild argues, pursuant to I.R.E. 509(c)(3), that he was entitled to an in-camera interview to determine if the confidential informant could provide testimony relevant to an issue his case. Fairchild claims that the in-camera hearing would have allowed him to test the veracity of the informant. However, the informant's veracity was of no consequence in Fairchild's prosecution. Proof that the informant lied would not have invalidated the search warrant, for physical evidence (drugs on the informant's person after the informant emerged from Fairchild's trailer) was sufficient to justify issuance of a warrant regardless of what the informant might have told the police. Similarly, an attack on the informant's truthfulness could not have benefited Fairchild at trial. As noted above, the state did not call informant # 539 to testify at trial. In his affidavit concerning the informants, Fairchild alleged that he was aware of the identity of informant # 539, that he had a prior relationship with her and that she was a known user of cocaine. He claimed that she had been arrested for drug use at some time prior to serving as a confidential informant. Fairchild further claimed that after serving as a confidential informant, the woman left the area in the company of one of the police officers working on the case. None of these allegations, however, qualify Fairchild for a hearing under I.R.E. 509(c)(3), as they are not relevant to any issue at trial and would not have served to benefit the defense.

■ Fairchild further alleges that confidential informant # 539 requested that he sell her drugs and that he refused to do so. During trial, officer Alexander specified that there was no transfer of money between the confidential informant and Fairchild and that use of the term "controlled buy," in the police report, was erroneous. Assuming the confidential informant was examined in camera, and stated that she requested Fairchild sell her drugs and he refused payment, this would not have been exculpatory in light of the fact Fairchild was charged with possession, not sale, of the narcotics. Fairchild's prosecution was not based upon his transaction with the informant but upon the quantity of drugs found in his trailer when it was searched pursuant to the warrant. In order to make the required showing of prejudice Fairchild must establish that there is a reasonable probability that the outcome of the trial would have been different. Fairchild has failed to show that if his attorney had requested and received an in-camera hearing, there is a reasonable probability that the hearing would have yielded evidence that would have changed the outcome of his trial. Therefore the district court properly dismissed the application as it related to the claim that Fairchild's counsel was ineffective in failing to request an in-camera hearing regarding informant # 539.

■ Fairchild has also alleged that his appellate counsel was deficient in failing to appeal the trial court's denial of Fairchild's motion to examine the police officers who monitored the confidential informant during the delivery of cocaine. Fairchild has failed to illustrate what effect, if any, an examination of the police officers would have had on the outcome of the trial. He has further failed to state any rationale upon which the appeal would have been successful. Absent some indication that the appeal would have been successful or that the examination of the officers would have been advantageous to the defense, it was proper for the district court to find that Fairchild failed to meet his burden of creating a genuine issue of material fact as to counsel's effectiveness.

Fairchild next claims he received ineffective assistance of counsel because counsel failed to raise certain arguments regarding Fairchild's double jeopardy claim during the trial and on the direct appeal. Fairchild's application, however, framed this issue as a substantive double jeopardy argument, not as an ineffective assistance claim. Hence, the ineffectiveness claim is presented for the first time on appeal. Therefore it will not be addressed. *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Sanchez v. Arave,* 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). In addition, this Court decided the substantive double jeopardy issues in the direct appeal. Although Fairchild now raises two new arguments regarding the double jeopardy issue, we will not review them as the issue which they address was raised and decided in the direct appeal and are not now properly before this Court. *Brandt,* 118 Idaho at 352, 796 P.2d at 1025.

Fairchild asserts that his counsel should have raised as an issue at trial and on direct appeal a violation of Fairchild's Miranda rights. In his post-conviction application, he alleged that certain statements, which he made during the search of his residence, were admitted into evidence at the suppression hearing and at trial. Fairchild argues that there was a genuine issue of material fact as to whether he was in custody and whether the statements were voluntary. He argues that he should have received a hearing on this issue. The issue of fact arises, he contends, from allegations in the affidavit he submitted with his application for post-conviction relief.

In *Jones v. State,* 125 Idaho 294, 870 P.2d 1 (Ct.App.1994), this Court found that a post-conviction application claiming a violation of the applicant's Miranda rights was properly dismissed. We stated:

> Prior to any "custodial interrogation," anyone accused of a crime must be informed of various rights, including the right to remain silent and the right to counsel. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). "Custodial interrogation" means questioning initiated by law enforcement personnel after a person has been taken into custody or otherwise deprived of his or her freedom of action in any significant way. *Id.* Any statements obtained without properly informing an accused of his or her rights may not be used in a subsequent prosecution to prove guilt. *Id.*

*Id.,* at 298, 870 P.2d at 5. In *Jones,* we agreed with the district court that the applicant's affidavit, even if taken as true, failed to establish that he was in custody at the time he made his statement.

Here, Fairchild's affidavit does not indicate that he made statements which were responsive to the questions actually asked by the officers. Fairchild's affidavit indicates that during the search of his house:

> [He] became angry at the questions, at the lies that were apparent in the Search Warrant materials, and at the conduct of the officers involved in his case, and responded to these various activities and questions by expressing certain sentiments toward the officers.

The district court did not err in finding that this account fails to establish that Fairchild's statements were the result of custodial interrogation. Because Fairchild has not established that his Miranda rights were violated, we will not conclude counsel was ineffective in refusing to raise a motion on the issue. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the court properly may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Huck v. State,* 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct.App.1993). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Id.* at 158–59, 857 P.2d at 637–38. Fairchild has failed to illustrate, through his affidavit, sufficient facts to indicate that his counsel was deficient and that he was thereby prejudiced.

Finally, Fairchild challenges the district court's dismissal of the application

without first providing him the opportunity to complete the discovery he requested. Discovery during post-conviction relief proceedings is a matter put to the sound discretion of the district court. I.C.R. 57(b). This Court has held that the discovery provisions of the civil rules do not apply to post-conviction applications unless so ordered by the district court. *Griffith v. State,* 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct.App.1992). Unless discovery is necessary to protect an applicant's substantial rights, the district court is not required to order discovery. *Id.* As is illustrated above, the issues in the application called for legal, rather than factual, determinations and would therefore not have been affected by an evidentiary hearing or discovery. Discovery was not necessary to protect any of Fairchild's substantial rights in light of the fact that the issues turned on legal principles such as the res judicata effect of his direct appeal. Fairchild has not identified any type of information that he might obtain through discovery that could affect the disposition of his application for post-conviction relief. It was not error, under the facts of this particular case, for the district court to summarily dismiss the application after making the appropriate legal determinations and without ordering further discovery on any factual issues.

### III.

### CONCLUSION

After reviewing the record and applicable law we conclude that the district court did not err in summarily dismissing Fairchild's application for post-conviction relief. Therefore, we affirm.

WALTERS, C.J., and LANSING, J., concur.