IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44256

| | | |
|---|---|---|
| JOHN M. LONKEY, | ) | 2017 Unpublished Opinion No. 479 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 31, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Owyhee County. Hon. Christopher S. Nye, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed.

John M. Lonkey, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

John M. Lonkey appeals from the district court's judgment summarily dismissing Lonkey's petition for post-conviction relief. For the reasons set forth below, we affirm.

Lonkey pled guilty to burglary (I.C. § 18-1401) and rape (I.C. § 18-6101). Pursuant to a plea agreement, additional charges were dismissed. The district court sentenced Lonkey to a unified term of ten years, with a minimum period of confinement of five years, for burglary and a concurrent unified life term, with a minimum period of confinement of twenty-five years, for rape. Lonkey appealed, arguing that the State breached the plea agreement and that Lonkey's sentences were excessive. In an unpublished opinion, this Court affirmed. *State v. Lonkey*, Docket No. 41835 (Ct. App. Jan. 22, 2015). Lonkey filed a petition for post-conviction relief, again alleging that the State breached the plea agreement and that Lonkey's sentences were excessive. Counsel was appointed for Lonkey. The district court gave notice of intent to dismiss

1

Lonkey's post-conviction petition for relief on the basis that his claims were barred by res judicata. At a status conference, Lonkey's post-conviction counsel informed the district court that there would be no supplementation to Lonkey's pro se petition. Lonkey did not respond to the district court's notice of intent to dismiss, and the district court summarily dismissed Lonkey's petition for post-conviction relief. Lonkey appeals.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained

to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

On appeal, Lonkey argues that the district court erred by summarily dismissing Lonkey's petition for post-conviction relief. Specifically, Lonkey asserts that his petition alleged facts sufficient to establish that he received ineffective assistance of trial counsel and of post-

conviction counsel. Lonkey's petition for post-conviction relief did not allege that he received ineffective assistance of counsel. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Accordingly, this Court will not address Lonkey's claim that he received ineffective assistance of trial counsel on appeal.

To support his claim that he received ineffective assistance of post-conviction counsel for the first time on appeal, Lonkey contends that he requested post-conviction counsel assert an ineffective assistance of counsel claim against Lonkey's trial counsel. Lonkey insists that his trial counsel was ineffective for failing to answer Lonkey's phone calls and investigate potential conflict of interests with the district judge. However, post-conviction claims will not be considered for the first time on appeal. *Fairchild v. State*, 128 Idaho 311, 318, 912 P.2d 679, 686 (Ct. App. 1996). Accordingly, this Court will not address Lonkey's claim that he received ineffective assistance of post-conviction counsel on appeal.[1]

Lonkey failed to establish that the district court erred in summarily dismissing Lonkey's petition for post-conviction relief. Accordingly, the district court's judgment summarily dismissing Lonkey's post-conviction petition for relief is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.

---

[1] We note, too, that ineffective assistance of post-conviction counsel is not among the permissible grounds for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 395, 317 P.3d 365, 371 (2014).

4