753 P.2d 831

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jerry GRIFFITH, Defendant–Appellant.**

**No. 17031.**

Court of Appeals of Idaho.

April 5, 1988.

Petition for Review Granted Dec. 29, 1988.

Dennis W. Olley, Deputy Public Defender, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

Before WALTERS, C.J., and SWANSTROM, J., and McQUADE, J., pro tem.

PER CURIAM.

Jerry Griffith pled guilty to voluntary manslaughter.[1] The district court sentenced him to a determinate term of fifteen years in the custody of the Board of Correction, the maximum punishment allowed for the crime. The sole issue on appeal is whether the fifteen-year determinate term imposed was excessive and represents an abuse of sentencing discretion by the district court. We affirm.

For guidance, we turn to *State v. Beltran,* 109 Idaho 196, 197, 706 P.2d 85, 86 (Ct.App.1985). Like Griffith, Beltran was convicted of voluntary manslaughter and sentenced to the statutory maximum sentence of fifteen years. In *Beltran* we said:

> Our standards for sentence review are well-settled. The trial court possesses

1. This is a companion case to *State v. Romero,* 114 Idaho 92, 753 P.2d 828 (1988), also decided today by this court. Recitation of the facts may be found therein.

discretionary authority to determine an appropriate sentence. A sentence within the statutory maximum will not be disturbed on appeal unless a clear abuse of sentencing discretion is shown. *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981); *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct.App.1984); *State v. Miller,* 105 Idaho 838, 673 P.2d 438 (Ct.App. 1983). A sentence may represent an abuse of discretion if it is shown to be unreasonable when viewed in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of imprisonment is reasonable, if it appears at the time of sentencing, that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

■ Griffith received the maximum term of confinement authorized by I.C. § 18–4007(1). His fixed sentence must be served entirely in confinement. Griffith is not entitled to an automatic "good time" reduction of sentence pursuant to I.C. § 20–101A because the homicide occurred after July 1, 1986. Unless Griffith becomes entitled to a meritorious reduction under I.C. § 20–101D, *see State v. Amerson,* 113 Idaho 183, 742 P.2d 438 (Ct.App. 1987), Griffith will serve the full fifteen years. Although other defendants may receive lesser sentences for more serious offenses, we constrain our analysis to the law applicable to *this* specific case.

When weighing the facts of a given case, we conduct an independent examination of the record. In this case the district court ordered a presentence investigation report, but Griffith has failed to provide us with that report. With respect to the sentencing proceedings, it is presumed that the record supports the respondent's position. *State v. Wright,* 97 Idaho 229, 542 P.2d 63 (1975); *Henry v. Latta,* 472 P.2d 694 (Colo. 1970). We focus upon the nature of the offense and the character of the offender. *State v. Adams,* 106 Idaho at 310, 678 P.2d at 102; *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). In the instant case, Griffith was a participant in the brutal homicide of Robert Thompson, on a late evening in October, 1986, in Pocatello. Griffith, and a co-defendant, Miguel A. Romero, precipitated a fight with Thompson and as a result, while Thompson lay prone and defenseless on the ground, Griffith and Romero rained multiple, savage shoe and boot blows to Thompson's face, concentrating the blows below the forehead and above his chin. Thompson died as a result of this vicious assault. In considering the nature of the offense, we find it difficult to imagine a more brutal factual pattern consistent with a conviction for voluntary manslaughter.

We turn next to the character of the offender. At the time of the homicide, Griffith was seventeen years old. He has a ninth grade education. In argument before the sentencing court, it was revealed that Griffith had a long history of incorrigible antisocial behavior; Griffith had previously been committed to a youth correction facility and had refused to cooperate in a rehabilitation counseling program; he has a bad temper and is unable to deal with authority; he was a drug user; he has no home and primarily lived in the streets. While incarcerated awaiting his trial in the instant matter, Griffith exhibited antisocial behavior and was involved in fights at the jail. Griffith's use of alcohol was involved in this homicide.

At sentencing, the judge reviewed the file and the presentence investigation report. The court considered the violent nature of the crime and the age of the offender. The court considered Griffith's background, his potential for rehabilitation and the needs of society with respect to Griffith's conduct in the circumstances of this case. The court's analysis was consistent with the guidelines contained in I.C. § 19–2521. The court concluded that Griffith was unable to adapt to the rules of organized society and that Griffith was not a candidate for probation.

The sentence adequately reflects appropriate concern about both the offense and

the offender. The length of sentence will protect the safety of the citizens of this state while deterring others who might be disposed to such violent behavior. Anything less would depreciate the seriousness of this crime. We hold the determinate sentence of fifteen years is reasonable. Accordingly, the sentence is affirmed.