825 P.2d 94

**Jerry W. GRIFFITH, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 18877.

Court of Appeals of Idaho.

Jan. 21, 1992.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for petitioner-appellant. Bryan K. Murray, argued.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Myrna A.I. Stahman, argued.

HART, Judge Pro Tem.

This is an appeal from the district court's summary dismissal of an application for post-conviction relief. We are asked to determine (1) whether the allegations contained in the application were sufficient to entitle the applicant to an evidentiary hearing on his claims of ineffective assistance of counsel, and (2) whether the district court should have granted the applicant's requests for discovery. For the reasons explained below, we affirm.

## Procedural Background

Jerry Griffith pled guilty to manslaughter and received a fixed fifteen-year sentence for kicking a man to death. His conviction and sentence were affirmed on appeal, *State v. Griffith*, 114 Idaho 95, 753 P.2d 831 (Ct.App.1988), *aff'd*, 116 Idaho 173, 774 P.2d 343 (1989). Subsequently, Griffith filed an application for post-conviction relief alleging, *inter alia*, that the evidence was insufficient to sustain his conviction and sentence, and that he had received ineffective assistance of counsel. Griffith also alleged "that there exists new evidence of material facts not previously presented that require vacation of the conviction and sentence." In connection with this allegation, he submitted a motion for discovery seeking to obtain extensive information from the prosecutor's files pertaining to his criminal conviction. The court denied the motion. After reviewing Griffith's application and the record in the underlying criminal case, the court issued a notice of intent to dismiss, concluding that Griffith had failed to show he was entitled to relief under any of the provisions of I.C. § 19–4901. Griffith responded by citing the court to the various procedural rules applicable to post-conviction proceedings, but he did not supplement his allegations or otherwise substantiate his claims. The court found nothing in the response warranting further consideration and again concluded that, because Griffith had not alleged any claim entitling him to post-conviction relief, no useful purpose would be served by an evidentiary proceeding. Accordingly, the court dismissed Griffith's application and this appeal ensued.

## Standard of Review

An application for post-conviction relief initiates a special proceeding in which the applicant bears the burden of pleading and proof imposed upon a civil plaintiff. *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). Until allegations contained in a verified application are controverted by the state, they are deemed to be true for the purpose of determining whether an evidentiary hearing should be held. *Cooper v. State*, 96 Idaho 542, 531 P.2d 1187 (1975); *Ramirez v. State*, 113 Idaho 87, 741 P.2d 374 (Ct.App.1987). However, when the allegations fail to frame a genuine issue of material fact, the court may summarily dispose of the application. I.C. § 19–4906(b); *Phillips v. State*, 108 Idaho 405, 700 P.2d 27 (1985). The issue on appeal from the dismissal of an application for post-conviction relief is whether the application alleges facts which, if true, would entitle the applicant to relief. *Whitehawk v. State*, 116 Idaho 831, 780 P.2d 153 (Ct.App.1989).

## Ineffective Assistance of Counsel Claims

Griffith argues that the district court erred in failing to hold an evidentiary hearing on his ineffective assistance of counsel claims. His application alleges that his legal representation was ineffective because (1) counsel "coerced" him into pleading guilty to manslaughter, (2) counsel refused to move for withdrawal of his guilty plea, and (3) counsel failed to provide the appellate court with the presentence report.

Claims alleging ineffective assistance of counsel are evaluated under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, the convicted defendant first must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88, 104 S.Ct. at 2064–65. Additionally, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068; *Parrott v. State*, 117 Idaho 272, 787 P.2d 258 (1990). This latter "prejudice" requirement focuses on whether counsel's ineffective performance affected the outcome of the case. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). In order to avoid summary dismissal, a post-conviction claim of ineffective assistance of counsel must sufficiently allege facts under *both* parts of the test. *Id.* Although *Strickland v. Washington* typically has been applied to claims of ineffective assistance occurring at trial or sentencing, its standards are equally applicable to ineffective assistance claims arising out of the plea process. *See Hill v. Lockhart*, 474 U.S. at 58, 106 S.Ct. at 370.

### 1. Attorney's Advice to Plead Guilty

Griffith first argues that his plea of guilty was involuntary because his attorney told him if the case went to trial, Griffith would be convicted of second degree murder and sentenced to a term of from fifteen years to life. Griffith contends that this statement "coerced" him into accepting the state's offer to plead to a lesser charge of manslaughter. Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. at 56, 106 S.Ct. at 369.

The state originally charged Griffith with first degree murder, an offense carrying possible penalties of death or life imprisonment. Griffith's participation in the brutal killing was never at issue, the only question being his intent. Counsel's opinion that a jury would find Griffith guilty of second degree murder and that the court would impose a sentence of fifteen years or more was a reasonable prediction of the outcome of a trial. Griffith has shown no legal or professional deficiency in such advice. Furthermore, counsel has a professional duty to inform his client of the practical implications of exercising his right to

trial.[1] Thus, the fact that counsel's prognosis had the effect of *persuading* Griffith to accept the state's offer to plead to the lesser charge of manslaughter, carrying a maximum possible sentence of only fifteen years, does not equate with improper coercion. Nor does Griffith allege that, had his attorney not informed him of that possible outcome, he would have insisted on going to trial, or that if he had done so he would have been acquitted or, if convicted, would have received a shorter sentence than he actually did. *See Hill v. Lockhart,* 474 U.S. at 59, 106 S.Ct. at 370. Because Griffith's allegation of ineffective assistance fails to assert any deficiency in counsel's advice, as is required under the first part of the *Strickland* test, or to allege the necessary prejudice under the second part of that test, we hold that Griffith was not entitled to a hearing on this claim.

### 2. Counsel's Failure to Pursue Plea Withdrawal

■ Griffith next claims he was denied effective assistance of counsel because his attorney failed to seek withdrawal of his plea. In his application Griffith alleges he repeatedly asked his attorney to have the plea withdrawn, but that the attorney never pursued this objective.[2] Assuming that a reasonably competent attorney would have pursued such requests,[3] we review the application to determine whether it contains the requisite allegations of prejudice.

Griffith maintains that he was "prejudiced" as a result of the lost opportunity to bring the motion and contends he should be permitted to present and argue the grounds for withdrawal at a hearing before the district court. We disagree. As mentioned above, I.C. § 19–4906(b) permits the district court to dismiss an application for post-conviction relief unless it contains allegations which, if proved, would entitle the defendant to the remedy sought. Implicit in this standard is the requirement that all necessary allegations be made in the application. *See also* I.C. § 19–4903 ("The application shall ... specifically set forth the grounds upon which the application is based.") Thus, in order to meet the prejudice requirement, Griffith must specify facts showing that, had his attorney made the requested motion for withdrawal, there was a reasonable probability that the motion would have been granted. We conclude that Griffith's allegations are insufficient to meet this requirement.

■ Unlike the decision to enter a plea of guilty, Griffith is not entitled to withdraw his plea as a matter of right. The granting or denial of a motion to withdraw a plea of guilty is left to the discretion of the district court judge. The exercise of this discretion is affected by the timing of the motion to withdraw the plea. *State v. Ballard,* 114 Idaho 799, 761 P.2d 1151 (1988). As indicated in I.C.R. 33(c), a motion made after sentencing may be granted only "to correct a manifest injustice." The defendant bears the burden of demonstrating a manifest injustice. *State v. Detweiler,* 115 Idaho 443, 767 P.2d 286 (Ct.App.1989). A less rigorous standard applies to a motion made before sentencing, requiring that the defendant present a "just reason" for withdrawing the plea. *Ballard,* 114 Idaho at 801, 761 P.2d at 1153. In either situation, the defendant

---

**1.** *See* Idaho Rules of Professional Conduct, Preamble: A Lawyer's Responsibilities (1990).

**2.** We reject the state's argument that Griffith's allegations concerning his conversations with counsel required substantiation beyond Griffith's attestation. Clearly, any conversations with counsel are within Griffith's personal knowledge and he is competent to attest to them. Indeed, we do not know what type of supportive evidence the state would require Griffith to present. We observe, however, that although these factual assertions are contained in a properly verified application for post-conviction relief, Griffith did not assert them in a *separate affidavit,* as required by I.C. § 19–4903. However, because we dispose of the issues on other grounds, we need not decide whether an applicant's failure to attach a separate affidavit is fatal to his claims relying on those facts.

**3.** Idaho Rule of Professional Conduct 1.2(a) provides, "A lawyer shall abide by a client's decisions concerning the objectives of representation...." Although the attorney assumes responsibility for the *means* employed to pursue those objectives, it is for the client to determine the ultimate purposes served by the legal representation.

has the burden of proving that the plea should be withdrawn.

Griffith does not indicate in his application whether he made the requests to his attorney before sentencing or afterward. Nor does he specify the grounds for seeking withdrawal, aside from the ground of "coercion" already addressed and rejected. The failure to present and support a plausible reason for withdrawal dictates against granting the motion. *Id. (citing United States v. Webster,* 468 F.2d 769 (9th Cir.1972)). Because Griffith's application does not allege the kind of "prejudice" necessary to satisfy the second half of the *Strickland v. Washington* test, the district court did not err in declining to hold a hearing on this claim.

### 3. Counsel's Failure to Provide Complete Record on Appeal

■ Finally, we address Griffith's contention that he received ineffective assistance of counsel on appeal from his judgment and sentence.[4] Griffith bases his claim on his attorney's failure to present the appellate court with the presentence report. *See Griffith,* 114 Idaho 95, 753 P.2d 831. In that case, we affirmed Griffith's sentence, presuming that the omitted report supported the district court's sentencing decision. *Id.* Griffith claims that his attorney's neglect entitles him to relief. We note, however, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. at 2066. Thus, in order to obtain relief, Griffith must show that, had his attorney made the report available in that appeal, we might have reduced or vacated Griffith's

sentence. Absent a sufficient allegation or showing in Griffith's application, the district court was not required to hold a hearing on the claim.

### Griffith's Discovery Requests

■ We next turn to Griffith's assertion that the district court's refusal to allow discovery violated the Idaho Rules of Civil Procedure and denied him due process. We note that, although the civil rules generally apply to proceedings on an application for post-conviction relief, the discovery provisions contained in those rules are *not* applicable unless specifically ordered by the court. I.C. § 19–4906; I.C.R. 57(b). Thus, unless necessary to protect an applicant's substantial rights, the district court is not required to order discovery.

■ Griffith maintains that the prosecutor's files contain new evidence substantiating his claims for relief, but that the district court's denial of the discovery requests prevented him from presenting such evidence. In reviewing Griffith's discovery motions, it is evident he is seeking exculpatory information. However, by pleading guilty to manslaughter, Griffith admitted his criminal culpability and waived all non-jurisdictional defects and defenses. *State v. Coffin,* 104 Idaho 543, 546, 661 P.2d 328, 331 (1983). Consequently, Griffith is not entitled to raise any defense to guilt, including self-defense, in a post-conviction proceeding. Therefore, the district court's denial of his discovery requests was not in error. We accordingly reject Griffith's due process claim.

### Conclusion

We conclude that the allegations contained in Griffith's application, even if sub-

---

**4.** In connection with this claim, Griffith also alleges that his attorney should have "corrected his character" by objecting to certain inaccurate or misleading statements in the presentence report. Again, the presentence report was not made a part of the record on *this* appeal. We also observe that Griffith was present at the sentencing hearing and given a full opportunity to present any matter he desired in mitigation of the presentence report. In view of the brutal manner in which the crime was committed, and

taking into consideration Griffith's *undisputed* history and character, it would be unreasonable to conclude that the minor discrepancies noted in the application for relief would have affected the judge's sentencing decision, even if voiced by counsel at the time of sentencing. This, evidently, was also the conclusion of the district court judge, who took the opportunity to review Griffith's "corrections" but then summarily dismissed the claim.

stantiated at an evidentiary hearing, are insufficient to state a claim entitling Griffith to relief. Accordingly, the district court did not err in declining to hold a hearing. The order dismissing the application for post-conviction relief is affirmed.

SWANSTROM and SILAK, JJ., concur.