137 P.3d 475

**Derek W. HAYES, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 31746.

Court of Appeals of Idaho.

May 25, 2006.

---

Derek W. Hayes, Boise, pro se, appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Derek Hayes appeals from the district court's summary dismissal of his petition for post-conviction relief. The district court found that Hayes failed to make any allegations warranting an evidentiary hearing. We affirm in part and reverse in part.

## I.

## BACKGROUND

In February 2000, Hayes robbed a First Security Bank in Pocatello and was arrested after he collided with another vehicle during a high-speed car chase. At a pretrial hearing, Hayes moved for the appointment of a neuropsychologist, Dr. Mark Corgiat, to determine whether Hayes was competent. The district court instead appointed a different psychologist, Dr. Linda Hatzenbuehler, who determined that Hayes was competent even though he had some mental deficiencies. Hayes subsequently entered into a plea agreement with the State in which he pleaded guilty to robbery, Idaho Code § 18–6501, and eluding a police officer, I.C. § 49–1404.

Prior to sentencing, Hayes's counsel arranged for Dr. Corgiat to evaluate Hayes's mental condition. Dr. Corgiat found that Hayes likely suffered from neurocognitive limitations due to a frontal lobe injury sustained in a car accident many years earlier. Nevertheless, Dr. Corgiat concluded that Hayes "was competent, per relevant Idaho Code." The district court sentenced Hayes to a unified term of thirty years in prison with ten years determinate for robbery, and a concurrent determinate term of five years for eluding a police officer. Additionally, as re-

quested by the State, Hayes was ordered to pay $7,801.89 in restitution for damage resulting from the collision.

After sentencing, Hayes embarked on a course of legal proceedings that brought him to this Court once before, *see State v. Hayes*, 138 Idaho 761, 69 P.3d 181 (Ct.App.2003),[1] and has led to the instant appeal. The present appeal stems from Hayes's petition for post-conviction relief in which he claimed ineffective assistance of counsel and sought withdrawal of his guilty pleas. Hayes alleged that his counsel was ineffective for (1) not insisting that the district court have a *neuro* psychologist or a psychiatrist, rather than a general psychologist, evaluate Hayes's competency prior to entering his guilty plea, (2) not moving for a competency hearing, (3) improperly advising Hayes to plead guilty, (4) not notifying Hayes that he might be ordered to pay restitution if he pleaded guilty, and (5) failing to properly object or argue against restitution when the State raised the issue at the sentencing hearing. Hayes also alleged that he received ineffective assistance from a later court-appointed attorney who worked on his motion to withdraw his guilty plea. This attorney allegedly failed to "repair" Hayes's pro se motion, failed to interview Hayes, and failed to investigate the record and discover his earlier counsel's ineffective assistance on the restitution issue.

The district court issued a notice of intent to dismiss Hayes's petition pursuant to I.C. § 19–4906(b) stating that Hayes had not alleged any valid claim that could afford him post-conviction relief. Hayes filed a response, but the district court did not find Hayes's arguments persuasive and ultimately dismissed his petition. Hayes appeals.

## II.

## ANALYSIS

### A. Timeliness of Appeal

■ Before addressing whether the district court properly summarily dismissed Hayes's petition for post-conviction relief, we must first discuss whether Hayes timely filed his appeal to this Court. Hayes asks us to consider his appeal timely even though his original notice of appeal was, he claims, lost in the mail and therefore not physically received by the clerk of the district court within 42 days after the district court's dismissal order as required by Idaho Appellate Rules 14(a) and 20. Hayes is an inmate incarcerated under the supervision of the Idaho Department of Correction. In support of his "lost in the mail" assertion, he has provided this Court with evidence that he did in fact place his notice of appeal in the prison mail system prior to the deadline.[2]

Idaho Appellate Rule 14(a) specifies that a notice of appeal must be filed "with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any [appealable] judgment, order or decree," and under I.A.R. 20, a notice of appeal is not deemed filed until it is "physically received by the clerk of the [district] court." But Idaho courts have recognized that pro se inmates cannot entirely control when their documents are mailed or

---

1. The events leading up to Hayes's last appeal to this Court are summarized as follows in the opinion from that case:

   About two weeks following the sentencing, Hayes filed an [Idaho Criminal Rule] 35 motion seeking a reduction in his sentence. Following a hearing, the district court denied Hayes's motion for reduction of sentence.

   Hayes, acting pro se, filed an Idaho Criminal Rule 33(c) motion to withdraw his guilty pleas, claiming that Dr. Hatzenbuehler was not qualified to evaluate his competency, that there had been a *Brady* violation, perjury, and ineffective assistance of counsel, and that the plea and sentence were based on misinformation. The district court denied the motion after appointing new counsel for Hayes, finding that

   Hayes's guilty pleas were knowing, intelligent, and voluntary, that Dr. Hatzenbuehler was competent to evaluate Hayes, and that no constitutional right had been abridged.

   Hayes appeal[ed] from the sentences imposed, the denial of his I.C.R. 35 motion, and the denial of his I.C.R. 33(c) motion.

   *Hayes*, 138 Idaho at 763, 69 P.3d at 183 (footnote omitted). We affirmed the denial of Hayes's motions and the judgments of conviction and sentences. *Id.* at 768, 69 P.3d at 188.

2. Upon learning that his original notice of appeal was not received by the clerk of the district court, and hence not timely filed, Hayes filed a new notice of appeal. His appeal has thus far proceeded under this latter notice of appeal.

delivered to the court clerk because they do not have direct access to the postal service and must rely on prison officials to do the actual mailing. *See Munson v. State,* 128 Idaho 639, 642–43, 917 P.2d 796, 799–800 (1996); *State v. Lee,* 117 Idaho 203, 204–05, 786 P.2d 594, 595–96 (Ct.App.1990). Our courts therefore follow the "mailbox rule" under which pro se inmates' documents are considered to be filed when they are delivered to prison authorities for the purpose of mailing to the court clerk. *Munson,* 128 Idaho at 642–43, 917 P.2d at 799–800. Hayes urges this Court to consider his appeal timely under the mailbox rule because he claims he timely delivered his notice of appeal to prison authorities for mailing.

The State, on the other hand, argues that the mailbox rule is inapplicable here because it is limited to cases where the court clerk actually received the filing after the deadline, whereas in this case, the notice of appeal was not received at all. The concern, of course, is that a pro se inmate could falsely assert that he placed a document in the prison mail system. That concern does not arise in this case, however, because Hayes has provided ample evidence that he did in fact present a notice of appeal for mailing on August 3, nine days before the August 12 deadline. A prison mail log shows that Hayes mailed items to the state attorney general's office, the district court judge, and the prosecuting attorney on August 3. Additionally, an "Idaho Department of Correction Access to Courts Request" form reflects that Hayes requested access "to file my notice of appeal" and that the type of action he requested involved "Photocopies," "Notary," "Notice of Appeal," and "Post Conviction." This form was signed by Hayes on July 30, 2004, and was received and signed by a prison official on August 2. Hayes's appointment to use the prison services was scheduled for August 3, and a prison activity log shows that on that date, he utilized a notary service, made cop-

ies, and used the "mail for appeal." Finally, by sworn affidavit, Hayes asserts that he gave his notice of appeal to the prison paralegal in charge of legal mail on August 3, that he addressed a copy of the notice to the district court, and that he wrote "Attention Clerk of the District Court" under the district judge's name on the envelope.[3] This evidence sufficiently demonstrates that Hayes timely filed his notice of appeal.

**B. Claims of Ineffective Assistance of Counsel**

Hayes contends the summary dismissal of his petition for post-conviction relief was improper because he presented sufficient evidence to raise genuine issues of material fact requiring an evidentiary hearing on his claims of ineffective assistance of counsel.

A petition for post-conviction relief is an appropriate mechanism for considering claims of ineffective assistance of counsel.[4] Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). This proof must begin with the petition itself. The petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19–4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal.

A district court may summarily dismiss a post-conviction petition if it fails to frame a genuine issue of material fact which, if resolved in the petitioner's favor, would

---

3. The State suggests that Hayes's evidence is insufficient because the prison activity log shows only that Hayes mailed his notice to "Judge Randy Smith," not the court clerk as required by I.A.R. 20. We are doubtful that such an imperfection should render Hayes's notice deficient, but we need not decide that here. Hayes refutes the prison log's accuracy and, by affidavit, contends that he also addressed the envelope to "Attention Clerk of the District Court."

4. Hayes raised an ineffective assistance of counsel argument in his last appeal to this Court, but we declined to address it. *Hayes,* 138 Idaho at 766, 69 P.3d at 186.

entitle the petitioner to the requested relief. I.C. 19–4906(b); *Griffith v. State*, 121 Idaho 371, 373, 825 P.2d 94, 96 (Ct.App.1992). If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State*, 113 Idaho 87, 88, 741 P.2d 374, 375 (Ct.App.1987). Summary dismissal of a petition may be appropriate even where the State does not controvert the petitioner's evidence because the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

On review of a summary dismissal order, this Court will determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. We liberally construe the facts, together with all reasonable inferences to be drawn from the evidence, in favor of the petitioner. *Charboneau v. State*, 140 Idaho 789, 793, 102 P.3d 1108, 1112 (2004); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

■ In order to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate both that his attorney's performance was deficient, and that he was prejudiced thereby. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Aragon*, 114 Idaho at 760, 760 P.2d at 1176; *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995); *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App. 1989). To show deficient performance, a petitioner must overcome the strong presumption that counsel's performance was adequate by demonstrating "that counsel's representation did not meet objective standards of competence." *Roman*, 125 Idaho at 648–49, 873 P.2d at 902–03. Strategic or tactical decisions will not be found to be deficient performance "unless those decisions are made upon a basis of inadequate preparation, ignorance of the relevant law, or other shortcom-

ings capable of objective evaluation." *Davis*, 116 Idaho at 406, 775 P.2d at 1248. If a petitioner succeeds in establishing that counsel's performance was deficient, he must also prove the prejudice element by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Roman*, 125 Idaho at 649, 873 P.2d at 903.

■ The standards articulated above, although more frequently applied to conduct at trial, have equal applicability to the entry of a guilty plea. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Griffith*, 121 Idaho at 373, 825 P.2d at 96. *See also Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 209–210 (1985); *State v. Soto*, 121 Idaho 53, 55, 822 P.2d 572, 574 (Ct.App.1991).

### 1. Claim regarding competency evaluation

■ Hayes's petition alleged that his counsel should have contested the district court's appointment of a psychologist to determine Hayes's competency, should have insisted on the appointment of a *neuro* psychologist or psychiatrist, and should have sought a competency hearing before the district court. The district court properly summarily dismissed this claim on the ground that Hayes did not present evidence showing that he was prejudiced by the alleged deficiency in his counsel's performance. Before Hayes pleaded guilty, a psychologist, Dr. Hatzenbuehler, concluded that Hayes was competent. Then, following his guilty plea and prior to sentencing, Hayes was examined by Dr. Corgiat, the neuropsychologist whose appointment was initially requested by Hayes. Although Dr. Corgiat found that Hayes probably suffered neurocognitive limitations stemming from an old frontal lobe injury, he reported that Hayes nevertheless "was competent, per relevant Idaho Code." Hayes points to nothing in the record to suggest that, had his counsel

succeeded in obtaining a competency evaluation from his desired neuropsychologist or a psychiatrist, or had requested a pre-guilty plea competency hearing, the court's determination that he was competent would have been different. Hayes presented no evidence that he was prejudiced by the allegedly deficient performance by his counsel, and the district court therefore properly dismissed this claim.

### 2. Claim regarding restitution

■ Hayes's petition for post-conviction relief also alleged that his counsel's performance was deficient because he did not inform Hayes that upon conviction, Hayes could be required to pay restitution for the economic loss that his crime caused to the victim, and counsel did not properly object to the State's request for restitution at the sentencing hearing. Hayes alleged that neither his counsel, the prosecutor, nor the district court alerted him that the consequences of his guilty plea could include a restitution order. He asserts that he was unaware of this consequence until the prosecutor's request for restitution at the sentencing hearing. Hayes contends that his attorney's failure to notify him of the possibility of restitution, or to object to the State's request at sentencing, rendered his guilty plea unknowing, unintelligent and involuntary. He claims that had he known that he would be required to make restitution, he would not have pleaded guilty.

The district court dismissed this claim because it found that Hayes's attorney had, in fact, sufficiently objected to the State's restitution request, arguing against the amount of restitution requested and also arguing that restitution should not be imposed because Hayes would not be able to pay it while incarcerated.

The State correctly concedes that Hayes presented prima facie evidence of deficient performance and resulting prejudice and is therefore entitled to an evidentiary hearing on this claim. In *State v. Banuelos*, 124 Idaho 569, 573, 861 P.2d 1234, 1238 (Ct.App. 1993), we held that restitution is a direct consequence of entering a guilty plea, of which a defendant should be informed pursuant to Idaho Criminal Rule 11(c) before his guilty plea is accepted.[5] Because the defendant in *Banuelos* was not so informed, we held that the order of restitution was invalid and must be stricken. *Id.* In light of our holding in *Banuelos,* a defense attorney's failure to either inform his client of the risk of a restitution order as a consequence of a contemplated guilty plea or to object to the State's request for restitution at or after sentencing when the defendant was not previously informed of that consequence, may constitute deficient performance.

In the present case, a transcript confirms Hayes's allegations that he was not informed on the record at the plea hearing that his guilty plea could result in an order of restitution; and he has asserted that he was not so informed at any other time before his plea. There thus exists factual issues for hearing as to whether Hayes received such notice from any source and whether counsel's performance was deficient on this point. To demonstrate prejudice from this deficiency, Hayes must show that if his counsel had provided this information, Hayes "would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210. That is, he must show that the subject matter of the mistake constituted "an important part of his decision to plead guilty." *McKeeth v. State,* 140 Idaho 847, 851, 103 P.3d 460, 464 (2004). A petitioner's mere self-serving assertion that he would not have pleaded guilty had he known of the prospect of a restitution order need not be accepted by the trial court sitting as a fact finder; the trial court may consider the plausibility of the petitioner's claim in light of all of the circumstances that would have borne upon the plea decision including, but not limited to, the likelihood that the defendant could have prevailed at trial and the dollar amount of the restitution.

Hayes's evidence also makes a prima facie showing of prejudice from counsel's failure to object on the appropriate ground when the

---

**5.** Idaho Criminal Rule 11(c)(2) requires that, before a plea of guilty is accepted, "[t]he defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply."

State requested restitution at the sentencing hearing. The record of the criminal proceedings shows that Hayes's counsel objected to the *amount* of the State's restitution request and argued that because of Hayes's indigency he would be unable to pay restitution, but counsel did not object that Hayes was not subject to restitution at all because he had not been advised of this direct consequence of his guilty plea. If Hayes can prove that he was not made aware of the prospect of restitution by any source before he pleaded guilty, then under our holding in *Banuelos,* an objection by counsel to the restitution request should have been sustained. Thus, if Hayes's evidence proves this deficient performance, then his prejudice may be established by the fact the restitution order was entered.

For the foregoing reasons, Hayes's petition alleges cognizable claims of ineffective assistance of counsel relating to restitution, and it is supported by sufficient evidence to survive summary dismissal. Therefore, we reverse the summary dismissal order and remand for an evidentiary hearing. It is necessary for the trial court to make factual findings as to whether Hayes's attorney did, in fact, omit to notify Hayes of the possibility that he would be ordered to pay restitution upon pleading guilty and whether that omission, if proven, actually affected Hayes's decision to plead guilty such that he should be allowed to withdraw his guilty plea as a remedy. Even if Hayes is unable to prove to the trial court's satisfaction that he would not have pleaded guilty had he known of the possibility of restitution, he may nevertheless be entitled to have the restitution order set aside for counsel's failure to object to it at the sentencing hearing if Hayes demonstrates that he was not aware that restitution was a possible consequence before he pleaded guilty.

### III.

### CONCLUSION

The order dismissing Hayes's claims that his counsel performed inadequately in asserting that Hayes was incompetent is affirmed. We reverse, however, the summary dismissal of Hayes's claims of ineffective assistance of counsel based upon Hayes's alleged lack of notice of the possibility of restitution prior to pleading guilty, and we remand for further proceedings consistent with this opinion.

Chief Judge PERRY and Judge GUTIERREZ concur.

