IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40193

| | | |
|---|---|---|
| JONATHAN GEORGE PLASTER, JR., | ) | 2013 Unpublished Opinion No. 576 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 10, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Deborah Whipple of Nevin, Benjamin, McKay & Bartlett, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jonathan George Plaster, Jr. appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

In 2005, Plaster was charged with two counts of lewd conduct with a child under the age of sixteen, I.C. § 18-1508, and one count of sexual abuse of a child under the age of sixteen, I.C. § 18-1506. Pursuant to an I.C.R. 11 plea agreement, Plaster entered an *Alford*[1] plea to one count of lewd conduct. Prior to sentencing, Plaster filed a motion to withdraw his guilty plea, which the district court granted. Thereafter, in 2008, Plaster was charged with seven counts of lewd conduct and one count of sexual abuse in a separate case. These charges involved the three victims alleged in the 2005 case. The 2005 and 2008 cases were consolidated for trial. Plaster entered an *Alford* plea to all of the counts set forth in the 2008 case and the state agreed to dismiss the 2005 case. The district court sentenced Plaster to concurrent unified terms of forty

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

years, with minimum periods of confinement of twenty years, for the lewd conduct charges and to a concurrent unified term of twenty-five years, with a minimum period of confinement of twenty years, for sexual abuse of a child. In an unpublished opinion, this Court affirmed Plaster's judgments of conviction and sentences. *State v. Plaster*, Docket No. 36119 (Ct. App. Aug. 9, 2010). Plaster filed a petition for post-conviction relief alleging ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct. The state filed a motion for summary dismissal. Plaster filed several requests for discovery, which the district court denied. The district court granted the state's motion for summary dismissal. Plaster appeals.

Plaster asserts the district court abused its discretion by denying Plaster's discovery requests. Unless discovery is necessary to protect a petitioner's substantial rights, the district court is not required to order discovery. *Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992). In order to be granted discovery, a post-conviction petitioner must identify the specific subject matter where discovery is requested and why discovery as to those matters is necessary to his or her petition. *State v. LePage*, 138 Idaho 803, 810, 69 P.3d 1064, 1071 (Ct. App. 2003).

Plaster filed four requests for discovery. Plaster identified the first three requests as "informal" and the last request as "formal." In his first request, Plaster requested a copy of the state's discovery in the 2005 case "for the purpose of [filing] his petition for post-conviction relief, and any other filings that [he] may have to encounter throughout the Idaho system." Plaster also sought a complete copy of any and all trace evidence or physical evidence that may or may not have been used in the 2005 criminal case; any and all witness statements; a complete copy of [transcripts of] the preliminary hearing, pretrial conferences, any motion hearings, and any pretrial negotiations for plea agreements; a complete copy of any and all psychological or psychosexual evaluations; and a complete copy of any and all police, investigative reports, and notes associated with the 2005 case. Plaster also requested a copy of all of defense counsel's documents concerning the 2005 case "to search for any discrepancies Due Process, Equal Protection, or if there had been any [ineffective] assistance of counsel claims contained within the documents [possessed] by the defense attorney." The state filed an objection, arguing that Plaster's requests should be denied because he did not explain with specificity why the discovery was necessary to his petition and appeared to be on a fishing expedition. In Plaster's second request, Plaster asserted he was "in full knowledge of the information he [wanted] to pull from

2

the [state's] discovery concerning [the 2005 case] and [was] not on [a] hunting expedition." Plaster further asserted he was "just afraid that if he [aired] it out in the open the information he [was trying] to get [would] become lost." The state repeated its objection. Plaster filed a third request, asserting his belief that the information contained within the state's discovery would show he was innocent of the charged crimes, although he did not disclose what that information was. The state repeated its objection. Plaster's fourth request was entitled "This is a Formal Request for a Copy of the Entire Record/Discovery from Both the State and the [Defense] Counsel Concerning [the 2005 Case]." Plaster asserted that to deny his request would deny him access to the courts "for the purpose of fully developing the facts of a claim in his Post-Conviction Relief proceedings, and on any Appeal (State of Federal) and in his Federal Habeas Corpus."

> In denying Plaster's discovery requests, the district court concluded:

> Here, Mr. Plaster's petition and affidavit set forth various claims for post-conviction relief. It is not evident from the face of these documents that discovery is necessary to protect Mr. Plaster's substantial rights. He has not specifically alleged in his Formal Request the particular documents or a particular area of concern that requires discovery. Since the Formal Request appears to ask for the entire record in [the 2005 case], it appears Mr. Plaster is attempting to research for grievances, and such conduct is not permitted in an action for post-conviction relief. For the foregoing reasons, Mr. Plaster's Formal Request is hereby denied.

Plaster argues his formal request was sufficiently specific because he requested a full and complete copy of all of the documents associated with his 2005 case. However, such a blanket request cannot be said to be sufficiently specific to require the district court to order the requested discovery in this post-conviction proceeding. Plaster also argues he had a right and an obligation to place the entire record of the 2005 case before the district court in support of his petition. It is true that in a post-conviction proceeding the petitioner bears the burden of proof imposed upon a civil plaintiff. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986). Thus, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011). However, Plaster has not explained how the entire record of his 2005 case was necessary to support the allegations made in his petition. Thus, there is no basis for this Court to hold the district court abused its discretion when it denied Plaster's discovery

requests. Accordingly, the district court's order summarily dismissing Plaster's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**