**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41250**

| | | |
|---|---|---|
| VERNON ZIPPRICH, | ) | 2014 Unpublished Opinion No. 506 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 15, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Randolph B. Neal, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Vernon Zipprich appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Zipprich is a native of South Africa and a citizen of Germany but has lived in the United States as a permanent resident since he was a child. In 2008, Zipprich pled guilty to one count of forgery of a financial transaction card. I.C. § 18-3123. Shortly before his change of plea hearing, the office of Immigrations and Customs Enforcement (ICE) took custody of Zipprich and transferred him to Arizona to appear before an immigration judge for deportation proceedings. Zipprich applied for, and was granted, a cancellation of removal for a lawful permanent resident. Zipprich was released from custody and travelled back to Idaho (where he subsequently pled guilty to the instant offense).

1

In August 2008, the district court sentenced Zipprich to a unified term of eight years, with a minimum period of confinement of two years; suspended the sentence; and placed Zipprich on probation for five years. Zipprich did not appeal his judgment of conviction or sentence. Zipprich subsequently violated the terms of his probation and the district court ordered execution of Zipprich's original sentence in October 2009. Zipprich filed an I.C.R. 35 motion and the district court reduced Zipprich's sentence. Zipprich did not appeal.

In March 2013, ICE again arrested Zipprich and took him to Utah to face deportation proceedings. On April 8, 2013, Zipprich filed a petition for post-conviction relief. Zipprich asserted his guilty plea was not knowing, intelligent, and voluntary because of insufficient information provided by his attorney regarding his immigration status and alleged that his attorney provided ineffective assistance by failing to adequately inform Zipprich of the possible immigration consequences of pleading guilty. Zipprich argued the time for filing a petition should be equitably tolled because he did not discover the claims until ICE began deportation proceedings in 2013. The state responded and requested that Zipprich's claims be denied or dismissed. The district court issued a notice of intent to dismiss the petition for post-conviction relief and provided Zipprich with thirty days to respond. The district court also took judicial notice of Zipprich's statement of rights form from his guilty plea hearing, which advised Zipprich of possible immigration consequences. The state filed a notice indicating it would reserve filing a motion for summary dismissal pending the outcome of the district court's notice.

Zipprich filed a response to the district court's notice of intent to dismiss and provided the district court with his affidavit and an affidavit from his father. Zipprich also provided the district court with exhibits regarding his deportation status. The district court then took judicial notice of the audio recordings of Zipprich's change of plea hearing and sentencing hearing and entered an order summarily dismissing Zipprich's petition for post-conviction relief. Zipprich appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a

preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary

dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.
### ANALYSIS

**A. Due Process**

Zipprich argues the district court violated his right to due process in five separate ways. We address each argument in turn.

**1. District court's advocacy against Zipprich**

Zipprich contends the district court violated due process by issuing a notice of intent to dismiss sua sponte after the state indicated it would seek dismissal of Zipprich's petition. Zipprich asserts this placed him in the "awkward position" of having to argue against the district court rather than the state.

As noted by Zipprich, an impartial decision-maker is an essential element of due process. *See Eacret v. Bonner Cnty.*, 139 Idaho 780, 787, 86 P.3d 494, 501 (2004), *overruled on other grounds by City of Osburn v. Randel*, 152 Idaho 906, 277 P.3d 353 (2012). However, Zipprich has failed to cite to any portion of the record demonstrating the district court in his case failed to

4

act impartially. Zipprich essentially challenges the process set forth in I.C. § 19-4906(b), which provides in pertinent part:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing.

This provision serves to aid petitioners in bringing to their attention any potential defects within their petition, while also promoting judicial economy in disposing of meritless claims. Zipprich has failed to demonstrate how this statute violates due process.

### 2.     Affidavits provided by Zipprich

Zipprich contends the district court erred by disregarding his affidavits. Zipprich argues this was due to the district court's incorrect determination that the affidavits were disproved by the record of prior proceedings. In considering summary dismissal of a petition for post-conviction relief, the district court must accept as true verified allegations of fact in the application or in supporting affidavits, no matter how incredible they may appear, unless they have been disproved by other evidence in the record. *Dunlap v. State*, 126 Idaho 901, 909, 894 P.2d 134, 142 (Ct. App. 1995).

Here, in the underlying criminal case, the district court provided Zipprich with a statement of rights form advising him of potential immigration effects of a conviction. This statement of rights provided as follows:

> If you are not a citizen of the United States and you plead guilty or are found guilty of any criminal offense, this could have immigration consequences to include your deportation from the United States, your inability to obtain legal status in the United States, or denial of an application for United States citizenship.
> I acknowledge that I have read this statement of rights and fully understand its contents.

Zipprich signed his name at the bottom of this statement of rights form. Zipprich's post-conviction affidavit provides, "Although I acknowledged that a conviction could affect my immigration status, it was clear in my mind from the Immigration Court proceedings that it would not." In attempting to reconcile these two conflicting statements, Zipprich argues he was conceding that "immigration consequences might attach, because he had clearly been assured that they would not." This argument is without merit and Zipprich's assertion is disproven by

the record of prior proceedings. Therefore, the district court did not err in disregarding the affidavits provided by Zipprich.

### 3.    Absence of testimony from attorney

Zipprich contends the district court erred by granting summary dismissal before Zipprich was able to obtain the testimony of his previous attorney through discovery. Zipprich contends the district court should have ordered discovery because it was necessary to protect Zipprich's substantive rights. *See Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992). However, Zipprich did not raise this argument before the district court, and thus, we decline to address it on appeal. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (generally, issues not raised below may not be considered for the first time on appeal).

### 4.    District court's comments about immigration proceedings

Zipprich contends the district court incorrectly assumed that ICE arrested him because of his subsequent probation violations. Zipprich contends that the basis for ICE's action in arresting him and initiating deportation proceedings was the conviction alone. However, Zipprich does not provide any argument or authority on why this demonstrates summary dismissal was inappropriate, or how this affected his right to due process. Therefore, Zipprich has waived this issue. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (a party waives an issue on appeal if either authority or argument is lacking).

### 5.    Judicial notice

Zipprich argues the district court erred by taking judicial notice of the plea and sentencing hearings without ordering a written transcript. Zipprich relies on *Matthews v. State*, 122 Idaho 801, 807-09, 839 P.2d 1215, 1221-23 (1992), for the proposition that a district court errs where it takes judicial notice of prior proceedings based solely upon its recollection. Zipprich contends the district court here based summary dismissal on its own recollection as opposed to a trial record. However, Zipprich misapprehends what occurred below.

In this case, the district court formally took judicial notice of the hearings and reviewed the audio records of those proceedings. This is distinguishable from the situation in *Matthews*, where the district court relied upon its memory of the prior hearing. Of particular concern in *Matthews* was the appellate court being able to adequately review prior reported, but not transcribed, testimony. *Id.* at 808, 839 P.2d at 1222. In this case, the audio recordings of the hearings are part of the record on appeal. Further, the district court followed the proper

procedure set forth in I.R.E. 201 when taking judicial notice of the hearings. The district court specifically identified the hearings of which it took judicial notice, entered an order to that effect, and attached the audio recordings of those hearings. Zipprich has failed to demonstrate the district court erred in its method of taking judicial notice.

Zipprich also argues he should have been allowed additional time to respond after the district court took judicial notice of the hearings. However, the district court was not dismissing on a separate ground after taking judicial notice of these hearings. Rather, it referred to those hearings as evidence disproving Zipprich's affidavit (which Zipprich filed in response to the district court's notice of intent to dismiss). The district court was not required to provide Zipprich an additional opportunity to respond and, thus, did not err in this respect.

**B.    Equitable Tolling**

Zipprich acknowledges his petition is untimely under I.C. § 19-4902(a), but contends the statute should be equitably tolled because he did not learn of the claims until ICE arrested him in 2013 and began deportation proceedings. Specifically, Zipprich contends his attorney should have accurately informed him of the consequences of his guilty plea and that his plea was not knowing, intelligent, and voluntary. We address each argument in turn.

**1.    Ineffective assistance of counsel**

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely petition is a basis for dismissal of the petition. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

An appeal from a judgment of conviction may be filed within forty-two days of the entry of judgment. I.A.R. 14(a). Thus, if no appeal is filed from a judgment of conviction, the one-year limitation period for a post-conviction action commences on the forty-third day after judgment. *Schultz v. State*, 151 Idaho 383, 385, 256 P.3d 791, 793 (Ct. App. 2011). Here, Zipprich filed no appeal from the original entry of his judgment of conviction. Accordingly,

Zipprich should have filed his post-conviction action within one year and forty-two days of that date. Zipprich did not file his petition for post-conviction relief until April 8, 2013. Absent a reason to toll the statute of limitation set out in I.C. § 19-4902(a), Zipprich's petition is time-barred.

Generally, equitable tolling is allowed only under exceptional circumstances beyond the petitioner's control that prevented him or her from filing a timely petition. *See Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005). The bar for equitable tolling for post-conviction actions is high. *Id.* Idaho has recognized equitable tolling relating to post-conviction petitions where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials and where mental disease or psychotropic medication renders a petitioner incompetent, thereby preventing the petitioner from earlier pursuing challenges to his or her conviction. *Sayas*, 139 Idaho at 960, 88 P.3d at 779. Additionally, Idaho has recognized that tolling may be available if the asserted claims raise important due process issues. *Rhoades*, 148 Idaho at 250-51, 220 P.3d at 1069-70; *Schultz*, 151 Idaho at 386, 256 P.3d at 794. However, even claims raising important due process issues are deemed waived if not brought within a reasonable time of when the claims were known or should have been known. *Rhoades*, 148 Idaho at 251, 220 P.3d at 1070.

Zipprich argues that, because of the delayed action of ICE, he did not realize his attorney failed to provide accurate information about the immigration consequences of his plea. However, Zipprich's claim of ineffective assistance does not raise an important due process violation that justifies equitable tolling. Zipprich's petition relied upon *Padilla v. Kentucky*, 559 U.S. 356 (2010) for the following proposition: when immigration consequences are clear, it is insufficient for trial counsel to advise his or her noncitizen client that pending criminal charges "may carry a risk of adverse immigration consequences." *Id.* at 369. However, Zipprich pled guilty in 2008. The United States Supreme Court did not issue the *Padilla* decision until March 2010 and *Padilla* did not apply retroactively to cases already final on direct appeal. *Chaidez v. United States*, ___ U.S. ___, ___, 133 S. Ct. 1103, 1112-13 (2013). Thus, at the time Zipprich pled guilty, the Sixth Amendment right to counsel did not require an attorney to inform a defendant that a conviction would clearly be a basis for deportation.

In his brief to this Court, Zipprich altered the argument from his petition, now asserting his attorney made a material misrepresentation about the immigration consequences, and thus,

8

his claim does not fall within *Padilla*.[1]  This argument was not raised before the district court and we decline to address it on appeal.  *See Sanchez*, 120 Idaho at 322, 815 P.2d at 1062 (generally, issues not raised below may not be considered for the first time on appeal).  Based on the arguments Zipprich presented to the district court, he could not establish deficient performance on the part of counsel and, therefore, failed to establish a basis for tolling the time for this claim.

### 2.     Knowing, intelligent, and voluntary plea

Zipprich contends the time for filing this claim should be tolled because he misunderstood the potential immigration consequences of pleading guilty.  Zipprich contends he did not learn of this misunderstanding until ICE arrested him in 2013 and began deportation proceedings.

If the record conclusively disproves an essential element of a post-conviction claim, summary dismissal is appropriate.  *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990).  In the underlying criminal case, the district court provided Zipprich with a statement of rights form advising him of potential immigration effects of a conviction.  This statement of rights provided as follows:

> If you are not a citizen of the United States and you plead guilty or are found guilty of any criminal offense, this could have immigration consequences to include your deportation from the United States, your inability to obtain legal status in the United States, or denial of an application for United States citizenship.
> I acknowledge that I have read this statement of rights and fully understand its contents.

At the bottom of this statement of rights, Zipprich signed his name.

While Zipprich now asserts he understood the conviction would not affect his immigration status, this document disproves that assertion.  Zipprich was on notice of this claim at the time he entered his guilty plea and was informed that he could face immigration

---

[1]     Zipprich relies on *United States v. Kwan*, 407 F.3d 1005, 1015-17 (9th Cir. 2005) for the proposition that a lawyer may not affirmatively misrepresent his or her expertise or otherwise actively mislead his or her client on any important matter, however related to a criminal prosecution.  *See also  Chaidez*, ___ U.S. at ___, 133 S. Ct. at 1112.  We need not address whether this is a cognizable claim because Zipprich failed to present it to the district court.

consequences.  Thus, Zipprich has failed to articulate sufficient grounds for tolling.  Therefore, the district court did not err in summarily dismissing this claim.

## IV.

## CONCLUSION

Zipprich has failed to demonstrate the district violated his right to due process.  Further, Zipprich has failed to demonstrate the district court erred in concluding his petition was untimely. Zipprich did not articulate sufficient grounds for tolling the statute of limitation. Accordingly, we affirm the district court's order summarily dismissing Zipprich's petition for post-conviction relief.  No costs or attorney fees are awarded on appeal.

Judge GRATTON, **CONCURS.**

Judge LANSING, **CONCURS IN THE RESULT.**