# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47404

DANIEL JEREMIAH WHITE,

    Petitioner-Appellant,

v.

STATE OF IDAHO,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: June 25, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment dismissing petition for post-conviction relief <u>affirmed in part</u>, <u>vacated in part</u>, and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Daniel Jeremiah White appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. White alleges the district court erred in summarily dismissing his petition for post-conviction relief as a whole when the court only gave notice of its intent to dismiss one of his claims. Because the district court did not address all of White's claims in its notice of intent to dismiss, the order summarily dismissing White's petition for post-conviction relief is reversed, the judgment dismissing the petition for post-conviction relief is affirmed in part, vacated in part, and the case is remanded for further proceedings consistent with this opinion.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying criminal case, pursuant to a plea agreement, White agreed to plead guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), and being a persistent violator, I.C. § 19-2514. However, during an oversight at the change of plea hearing, White only entered a guilty plea to the possession of a controlled substance charge. The district court sentenced White to a unified sentence of eight years, with three years determinate. Without the presence of the persistent violator enhancement, this sentence exceeds the seven-year statutory maximum for possession of a controlled substance. *See* I.C. § 37-2732(c)(1).

White filed an Idaho Criminal Rule 35 motion, alleging that his sentence was illegal in light of the absence of a persistent violator enhancement plea. Shortly thereafter, White timely filed a petition for post-conviction relief and a supporting affidavit, alleging three grounds for relief: (1) ineffective assistance of trial counsel for failure to realize that White did not plead guilty to being a persistent violator; (2) ineffective assistance of counsel for not objecting at the sentencing hearing to the imposition of an illegal sentence; and (3) that trial counsel expressed to White that if he did not plead guilty, he would not be accepted to veteran's court; trial counsel did not object to false information about White's military discharge at the sentencing hearing; and trial counsel provided White false information about the possibility of veteran's court. White's request for relief was a new sentencing hearing.

The district court held a hearing on White's Rule 35 motion, granted the motion, and entered a judgment imposing a corrected, unified sentence of seven years, with three years determinate. Subsequently, the district court issued a notice of its intent to dismiss White's petition for post-conviction relief. In the notice, the district court characterized White's post-conviction claims as an allegation that he received ineffective assistance of trial counsel which resulted in the imposition of an illegal sentence. However, because White brought a Rule 35 motion and subsequently received a corrected sentence, the district court stated that White's "remedy in this matter has been rendered moot. Accordingly, [White] has not stated a claim upon which relief can now be granted." The notice gave White twenty days to respond and provide good cause why his petition for post-conviction relief should not be dismissed.

2

White did not respond, and the district court entered an order summarily dismissing his petition for post-conviction relief. White timely appeals.[1]

## II.

## ANALYSIS

White alleges the district court erred in dismissing his entire petition for post-conviction relief when the court only provided notice of its intent to dismiss his claim concerning ineffective assistance of trial counsel for not objecting to the imposition of an illegal sentence. In response, the State argues that because White received a corrected sentence, the district court granted the relief he sought through his post-conviction petition and, accordingly, the district court correctly concluded his petition was moot.

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. If a district court determines claims alleged in a petition do not entitle a petitioner to relief, the district court must provide notice of its intent to dismiss and allow the petitioner twenty days to respond with additional facts to support his claims. I.C. § 19-4906(b); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1204, 1206 (Ct. App. 2006). The district court's notice should provide sufficient information regarding the basis for its ruling so as to enable the petitioner to supplement the petition with the necessary additional facts, if they exist. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).

Although not artfully articulated, a review of White's petition for post-conviction relief shows that he raised three claims. Two of those claims related to his trial counsel's alleged failure to recognize and raise to the district court that White had not entered a guilty plea to being a persistent violator and, thus, the sentence imposed was illegal. The other claim consisted of two parts: the first part of the claim related to trial counsel's representations about White's

---

[1] Pursuant to the mailbox rule, the timeliness of an incarcerated individual's filings is determined by the date he conveys the document to the prison authorities. *Hayes v. State*, 143 Idaho 88, 91, 137 P.3d 475, 478 (Ct. App. 2006).

eligibility for veteran's court; the second part related to counsel's failure to object to the State's alleged misrepresentations at the sentencing hearing about White's military discharge.

The district court's notice of intent to dismiss notified White that the court intended to dismiss his petition for post-conviction relief because the judgment imposing a corrected, legal sentence mooted White's claims. However, White's third claim suggests that if his trial counsel provided White accurate information about the viability of veteran's court, he may not have pleaded guilty[2] and if counsel opposed the State's characterization of White's military discharge at the sentencing hearing, the district court may have imposed a lighter sentence. Because this claim did not relate to the illegal nature of White's sentence, the claim could not be rendered moot by a judgment imposing a corrected, legal sentence. Therefore, the district court's notice of intent to dismiss did not provide White notice of the court's intent and rationale related to White's third claim for relief. Because the district court did not address White's third claim in its notice of intent to dismiss, the court ultimately dismissed White's petition without providing him the required twenty-day notice related to this claim or the opportunity to meaningfully respond. As a result, this Court reverses the order summarily dismissing White's petition for post-conviction relief, vacates the judgment dismissing the petition, and remands the case for further proceedings consistent with this opinion.

### III.
### CONCLUSION

The district court's notice of intent to dismiss did not provide notice of its intent to dismiss White's third post-conviction claim. Accordingly, the judgment dismissing the petition for post-conviction relief is affirmed in part, vacated in part, and the case is remanded for further proceedings consistent with this opinion.

Judge GRATTON and Judge LORELLO **CONCUR**.

---

[2] White did not request the district court vacate his conviction in his petition for post-conviction relief. Accordingly, it is unclear how trial counsel's representations about veteran's court actually affected White's entry of a guilty plea and his subsequent sentencing.